## GEO. S. BUSH & CO., INC. v. UNITED STATES

**No. 5254.**—Invoice dated Yokohama, Japan, June 27, 1939.
Entered at Seattle, Wash., July 14, 1939.
Entry No. 189.

(Decided May 12, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks, Joseph E. Weil*, and *Daniel I. Auster*, special attorneys), for the defendant.

EVANS, Judge: This appeal to reappraisement was subject to an order of this court, dated May 5, 1941, setting aside the submission previously made. The case was then resubmitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to approval of the court:

(1) That, at the time of exportation of the merchandise involved herein, described on the invoice as "5 cases (600 pair) cotton canvas shoes, Kokuboshoku Gomutsu", such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, packed ready for shipment to the United States, at the invoice unit price of yen 1.29 per pair, plus packing as invoiced; also, that at the time of exportation there was no higher foreign value for this merchandise.

(2) That, at the time of exportation of the above-described merchandise, no like or similar article, manufactured or produced in the United States, was being

freely offered for sale for domestic consumption to all purchasers in the principal market of the United States, in the ordinary course of trade, and hence, the appraisement herein, insofar as it was made under authority of the Presidential proclamation published in TD 46158, was inapplicable to said merchandise.

(3) That the appeal is abandoned as to all other merchandise not hereinabove referred to.

(4) That upon this stipulation the case is hereby resubmitted.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and for the merchandise described on the invoice as "5 cases (600 pair) cotton canvas shoes, Kokuboshoku Gomutsu," such value was 1.29 yen per pair, plus packing as invoiced.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.